IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILSON,  No. CIV S-07-0497-DFL-CMK-P

    Plaintiff,

  vs.  ORDER

J. BUTLER, et al.,

    Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint, transferred to this court from the United States District Court for the Northern District of California.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are

satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following individuals as defendants: Butler, Wiley, Fonville, Jackson, Magee, Sandy, Stewart, Brown, Rodriguez, and Carey. Plaintiff's complaint consists of a 21-page pleading entitled "Demand for Jury Trial" and almost 125 pages of attached exhibits to which plaintiff refers in the complaint. Plaintiff seeks monetary damages as well as various forms of equitable relief.

The court concludes that plaintiff's complaint does not contain a short and plain statement of plaintiff's claims as required by Rule 8. As discussed above, Rule 8 requires a complaint contain a short and plain statement of the claim. Plaintiff's complaint refers to nearly 125 pages of attached documents which purportedly support the factual allegations against the defendants. This pleading method does not, however, satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly. To the contrary, plaintiff's complaint would require the court to comb through almost 125 pages of documents in order to even guess at plaintiff's claims. The court is unwilling to do this in part due to limited judicial resources but also because it is for plaintiff – not the court – to formulate his claims.

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended

1  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
2  plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
3  plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must
4  be complete in itself without reference to any prior pleading.  See id.

5        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
6  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
7  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
8  each named defendant is involved, and must set forth some affirmative link or connection
9  between each defendant's actions and the claimed deprivation.  See Rizzo v. Goode, 423 U.S.
10 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d
11 740, 743 (9th Cir. 1978).

12       Finally, plaintiff is warned that failure to file an amended complaint within the
13 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
14 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to
15 comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule
16 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

17       Accordingly, IT IS HEREBY ORDERED that:
18       1.  Plaintiff's complaint is dismissed with leave to amend; and
19       2.  Plaintiff shall file a first amended complaint within 30 days of the date of
20 service of this order.

22 DATED:  May 23, 2007.

                                                                                                                                     */s/ Craig M. Kellison*
                                                                                                                                     **CRAIG M. KELLISON**
                                                                                                                     UNITED STATES MAGISTRATE JUDGE