IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WILSON, | No. CIV S-07-0497-RRB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| J. BUTLER, et al., | |
| Defendants. | |
| _____/ | |

  Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint (Doc. 11), filed on July 12, 2007.  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).

  Plaintiff names the following 12 individuals as defendants:  Butler, Wiley, Jackson, Magee, Sandy, Stewart, Fonville, Rodriguez, Brown, Long, Valdez, and Carey.[1]  Plaintiff seeks declaratory judgment, injunctive relief, compensatory damages, and punitive

---

[1] The Clerk of the Court is directed to update the docket to reflect that Long and Valdez are defendants to this action.

1

damages. Plaintiff claims violations of his constitutional rights resulting from a rules violation report issued against him. Specific allegations as to each defendant are summarized below.

Plaintiff states that, on August 2, 2004, he was "hanging out with some religious associates" on the prison recreation yard alongside a fence which is adjacent to an inmate housing facility. According to plaintiff, defendant Butler approached the group and told them to "get off the fence." Plaintiff states that, when Butler asked for plaintiff's identification card, he responded that he did not have it with him because his pants had no pockets. Defendant Butler then ordered plaintiff to "go to the Center Complex" and plaintiff states that he responded: "I'm not going. I'm off the fence already." Plaintiff alleges that defendant Butler then "took unlawful and departmentally unauthorized measures of confiscating my bag of food items." Plaintiff states that he "instinctively" attempted to protect his items by reaching towards defendant Butler to retrieve his bag. Plaintiff was later issued a rules violation report charging him with battery on a correctional officer. According to the rules violation report, plaintiff made contact with defendant Butler when he was attempting to retrieve his items. Plaintiff claims that defendant Butler acted "maliciously to cause . . . hardship . . . ."

Plaintiff states that defendant Wiley "designed his report to support a battery on a peace officer (his friend . . . [defendant Butler])." Specifically, plaintiff claims that defendant Wiley falsely reported that he witnessed the incident when it is "evident by his report that he did not witness the incident, but just wanted to support his co-worker." Plaintiff alleges that defendant Wiley's report does not contain any mention of the bag of food items. According to plaintiff, defendant Wiley's allegedly false report denied his due process.

Plaintiff states that defendant Jackson was responsible for reviewing the rules violation report submitted by defendant Butler. According to plaintiff, defendant Jackson ratified the false rules violation report, which did not comply with departmental regulations.

/ / /

/ / /

1	Plaintiff alleges that defendant Magee conducted the investigation regarding the
2	rules violation report.  Plaintiff claims that defendant Magee conducted the investigation with a
3	"predetermination of guilt" and altered witness statements.
4	Plaintiff states that defendant Sandy conducted a prison disciplinary hearing on
5	the rules violation report on September 18, 2004.  He states that, although plaintiff's inmate
6	witness approached defendant Sandy to inform her that defendant Magee had falsified his
7	statements, defendant Sandy did nothing to correct the problem.  Plaintiff also states that
8	defendant Sandy stopped the hearing after defendant Magee was caught in a lie in order "to
9	protect [defendant Magee] from further incriminating himself."
10	Plaintiff claims that defendant Stewart conducted another disciplinary hearing on
11	the rules violation report on February 4, 2005, and that, in the course of this hearing, defendant
12	Stewart allowed numerous violations of the regulations to occur.  Specifically, plaintiff alleges
13	that defendant Stewart permitted defendant Butler to be present at the hearing and that, when
14	plaintiff asked questions, defendant Stewart would inaccurately rephrase them.
15	Plaintiff states that defendant Fonville was his correctional counselor and that, on
16	March 3, 2005, she proposed a maximum security housing assignment as a result of plaintiff's
17	being found guilty of the rules violation.  Plaintiff claims that defendant Fonville made this
18	recommendation despite her knowledge of the procedural violations which had occurred during
19	his disciplinary hearing.
20	Plaintiff claims that defendants Rodriguez and Brown, as a members of the
21	classification committee responsible for determining plaintiff's housing status, allowed plaintiff
22	to be classified to maximum security as a result of the rules violation, despite his knowledge of
23	"procedural violations and mitigating factors."
24	Plaintiff states that defendant Long was responsible for deciding his appeal of the
25	guilty finding and, despite the procedural problems, he affirmed the guilty finding.
26	/ / /

1        Plaintiff alleges that defendant Valdez "circumvented [his] appeals by systematically denying [his] appeals."

        Finally, as to defendant Carey, who was the prison warden at the time, plaintiff claims that he was made aware of all the problems alleged above and did nothing to prevent violations of plaintiff's due process rights. Plaintiff claims that defendant Carey failed to intervene to stop the violations and that he failed to provide an adequate appeals process.

        The first amended complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs. Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order. Plaintiff is warned that failure to comply with this order may result in dismissal of the action. See Local Rule 11-110.

        Accordingly, IT IS HEREBY ORDERED that:

1.     Service is appropriate for the following 12 defendant(s):

        BUTLER,
        WILEY,
        JACKSON,
        MAGEE,
        SANDY,
        STEWART,
        FONVILLE,
        RODRIGUEZ,
        BROWN,
        LONG,
        VALDEZ, and

1      CAREY;

2      2.      The Clerk of the Court shall send plaintiff one USM-285 form for each
3 defendant identified above, one summons, an instruction sheet, and a copy of the first amended
4 complaint filed July 12, 2007; and

5      3.      Within 30 days of the date of service of this order, plaintiff shall complete
6 the attached Notice of Submission of Documents and submit the following documents to the
7 court:

8           a.      The completed Notice of Submission of Documents;
9           b.      One completed summons;
10          c.      12 completed USM-285 form(s); and
11          d.      13 copies of the endorsed first amended complaint.

13 DATED: August 15, 2007.

                                          _____
                                          CRAIG M. KELLISON
                                          UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6        **IN THE UNITED STATES DISTRICT COURT**
         **FOR THE EASTERN DISTRICT OF CALIFORNIA**
7
    DAVID WILSON,                              No. CIV S-07-0497-RRB-CMK-P
8            Plaintiff,
         vs.
9   J. BUTLER, et al.,
             Defendants.
10
    _____/
11                NOTICE OF SUBMISSION OF DOCUMENTS
         Plaintiff hereby submits the following documents in compliance with the court's
12  order:
            __1__      completed summons form;
13          _____      completed USM-285 form(s); and
                       copies of the first amended complaint filed on July 12, 2007.
14          _____
    DATED: _____        _____
15                                            Plaintiff
16
17
18
19
20
21
22
23
24
25
26

6